IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: _____

| | |
|---|---|
| CHAZZ J. ROBERTS, )<br>)<br>Plaintiff, )<br>) <br>v. )<br>)<br>GLENN INDUSTRIAL GROUP, INC.; )<br>GLENN UNDERWATER SERVICES, INC.; and )<br>GLENN UNDERWATER SERVICES, LLC. )<br>)<br>Defendant. )<br>_____) | **COMPLAINT**<br>**(Jury Trial Demanded)** |

## I. INTRODUCTION

1. Plaintiff, Chazz J. Roberts, files this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000(e) *et seq.* ("Title VII"). Plaintiff alleges that he was discriminated against because of his sex and retaliated against because he engaged in protected activity. Plaintiff also alleges that he was subjected to harassing and demeaning actions which caused him emotional distress. Plaintiff claims that he was denied overtime pay in violation of 29 U.S.C. 3215(a)(3) and the North Carolina Wage and Hour Act. N.C.G.S. § 95-25.4. Plaintiff also brings a claim under the Common Law of the State of North Carolina for intentional infliction of emotional distress.

## II. JURISDICTION

2. This is an action seeking legal and equitable relief under Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"). Plaintiff alleges that he was discriminated against because of his sex and retaliated against because he engaged in protected activity.

3. Jurisdiction of the court is invoked pursuant to 28 U.S.C. § 1343, this being a proceeding seeking to enforce rights and remedies secured by Title VII. Jurisdiction is also conferred upon this court by 28 U.S.C. § 1331.

4. Jurisdiction is further invoked pursuant to 28 U.S.C. §§ 2201 and 2202, this being an action for declaratory judgment declaring illegal acts of Defendants complained of herein which violate rights secured to the Plaintiff by Title VII.

### III. PARTIES

5. Plaintiff is a citizen of Isle of Palm, Charleston County, South Carolina. For all of the relevant periods herein, Plaintiff was a resident and citizen of Charlotte, Mecklenburg County, North Carolina.

6. Defendants, Glenn Industrial Group, Inc., Glenn Underwater Services, Inc. and Glenn Underwater Services, LLC are North Carolina corporations engaged in the business of providing underwater clean up and recovery services. It has offices in Charlotte, North Carolina.

### IV. FACTS

7. Plaintiff began his employment with Defendants in July 2015 as a diver. Plaintiff was hired to work forty (40) hours per week at fifteen dollars ($15.00) per hour. Plaintiff understood that the nature of the work he was to do involved overtime. Plaintiff's assignments consisted of providing services to various energy facilities, some of which were owned by Duke Energy. Plaintiff traveled to a number of sites in North Carolina, Virginia and other states to perform the work. Plaintiff was a part of a crew which removed coal ash and fly ash from

2

various energy production facilities owned by the energy companies. On occasion, it involved him diving into ponds to clean out pipes that were clogged with coal ash. He also cleaned turbines and removed coal ash from the turbines.

8. When Plaintiff worked outside of Charlotte, he was often required to stay overnight in hotels. When he initially began his employment, he was often required to room with his supervisor, Andrew Rhyner.

9. During the course of his employment with Defendants, Plaintiff was required to perform many unsafe acts. Plaintiff also witnessed other employees being subjected to unsafe working environments and being forced to perform work under unsafe conditions. Plaintiff complained about his working conditions and about the lack of proper ventilation equipment and masks. Plaintiff suffered a second-degree burn on his hand. Plaintiff was told repeatedly by supervisors and others that he had to keep his mouth shut, that his burn did not occur in the work place and that he could not report any of the violations to Duke Energy or to OSHA. He was repeatedly threatened with termination and physically threatened.

10. Plaintiff's supervisor, Andrew Rhyner, engaged in a continuous practice of ridiculing and demeaning Plaintiff by calling him gay, using sexually explicit and derogatory remarks towards him and physically threatening him. Plaintiff was physically slapped, put in a headlock, and pushed by his supervisor. When Plaintiff complained to Bruce Evans, the person to whom Andrew Rhyner reported, about the treatment he was experiencing, Bruce Evans told him to suck it up.

11. Plaintiff was terminated from his employment after an accident on the job. He was required to undergo a drug test and did so after he was injured on March 16, 2016 at the Dan River Plant which was operated by Duke Energy in Eden, North Carolina. Plaintiff's injury

3

consisted of a second-degree burn. He was first to leave the site immediately after the injury and drive himself back to Charlotte, North Carolina where the owner of the company, Richard Glenn, told him that he could not notify Duke Energy of the injury even though it was Plaintiff's understanding that Duke Energy was to be notified of all injuries.

12. Plaintiff's hours were reduced after he suffered the burn injury. He was falsely accused of being on drugs by management. He took the mandatory drug test and passed it. He was terminated from his employment because he supposedly was not "fit" to perform the job.

13. During his employment, Plaintiff was required to work overtime. On numerous occasions, Plaintiff was not paid time and a half for the hours he worked in excess of forty (40) hours per week.

## V. CLAIMS FOR RELIEF

### First Claim for Relief: Sexual Harassment

14. Plaintiff alleges paragraphs 1 through 13 above and incorporate them herein.

15. Defendants subjected Plaintiff to a hostile work environment based on sexual harassment. Plaintiff was subjected to sexual harassment by his supervisor. When he complained, nothing was done to correct the behavior. The Defendants are responsible for maintaining a safe work environment free from unwelcomed sexual harassment. The harassment occurred at the hands of a manager, and as such, no affirmative defense is available to Defendants. Plaintiff's work environment was permeated with unwelcomed sexually harassing and derogatory comments which were so severe and pervasive that they altered his work environment. Plaintiff was offended by the behavior and any objective person would also be offended by the behavior. Plaintiff ultimately suffered a tangible adverse employment action when he was terminated from his employment in April 2016.

16. Defendants' actions violated Title VII of the Civil Rights Act of 1964. Plaintiff has suffered emotional distress and economic damages as a result of Defendants' actions.

## Second Claim for Relief: Retaliation

17. Paragraphs 1 through 16 above are incorporated herein.

18. Plaintiff engaged in protected activity when he complained about the sexual harassment to which he was subjected. He specifically complained to Bruce Evans about the behavior to which Andrew Rhyner had subjected him.

19. Within months of complaining to Bruce Evans about Rhyner's behavior, Plaintiff was accused of being on drugs in the workplace. Plaintiff was administered a drug test which he passed. However, Plaintiff was terminated from his employment in retaliation for raising complaints about the mistreatment he had to endure.

20. Defendants' actions violated Title VII of the Civil Rights Act of 1964. Plaintiff has suffered emotional distress and economic damages as a result of Defendants' actions.

## Third Claim for Relief: Violation of the Fair Labor Standards Act

21. Paragraphs 1 through 20 above are incorporated herein.

22. Plaintiff has been denied overtime pay for hours worked in excess of forty (40) hours beginning September 2015 and extending through April 2016. Defendants' actions violate 29 U.S.C. 3215 and the North Carolina Wage and Hour Act.

23. Plaintiff is entitled to compensation for all time worked in excess of forty (40) hours per week.

## VI. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

24. Paragraphs 1 through 23 above are incorporated herein.

25. Defendants subjected Plaintiff to a sexually harassing work environment, subjected him to retaliation and subjected him to behavior and offenses which caused him emotional distress. Plaintiff was forced to work in an environment that was unsafe on many occasions. Defendants' failure to provide adequate safety equipment for Plaintiff and his co-workers and Defendants' managers harassing and bullying behavior whenever the issues of safety were raised caused Plaintiff to fear for his safety and well-being. Plaintiff made his safety concerns known on more than one occasion but they were ignored. Instead Plaintiff was referred to as a retard, a pussy, and a whiner. When Plaintiff raised concerns to management about the safety issues, he was on one occasion put into a headlock and on another occasion slapped. This behavior was done with the intent of causing Plaintiff embarrassment, humiliation and emotional distress. The behavior of Defendants' management in fact caused Plaintiff emotional distress.

## VII. EXHAUSTION OF ADMINISTRATIVE REMEDIES

26. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on June 10, 2016, EEOC Charge Number 430-2016-01600 which he amended on June 23, 2016. The Equal Employment Opportunity Commission issued Plaintiff a Dismissal and Notice of Rights on September 29, 2017. Plaintiff is filing this Complaint within ninety (90) days of the date of the receipt of the Dismissal and Notice of Rights, has complied with all jurisdictional requirements of Title VII, and has exhausted all administrative prerequisites to instituting this proceeding.

## VIII. JURY TRIAL DEMANDED

27. Plaintiff hereby demands a trial by jury.

## IX. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that the sexual hostile work environment be remedied in full and that the court, after a jury trial:

a. Declare the actions complained of herein to be illegal;

b. Issue an injunction enjoining the Defendants, their agents, employees, successors, attorneys and those acting in concert or participating with the Defendants and at their direction from engaging in the unlawful practices set forth herein and any other employment practice shown to be in violation of Title VII;

c. Award Plaintiff compensatory damages for pain and suffering and infliction of emotional distress;

d. Award Plaintiff back pay and other make whole relief;

e. Award Plaintiff his costs and expenses in this action, including reasonable attorney's fees, other litigation expenses; and,

f. Grant such other and further relief as may be just and necessary to afford complete relief to Plaintiff.

This 28th day of December, 2017.

/s/ Geraldine Sumter
Geraldine Sumter
N. C. Bar No. 11107
Ferguson Chambers & Sumter, P.A.
309 East Morehead Street, Suite 110
Charlotte, North Carolina 28202
Telephone: (704) 375-8461
Facsimile: (980) 938-4867
Email: gsumter@fergusonsumter.com

*Attorney for Plaintiff*

7

Case 3:17-cv-00745-GCM   Document 1   Filed 12/28/17   Page 7 of 7